*In re* ESTATE OF JOHN JARON, Deceased.—(EUGENIA HUBER, Adm'r of the Estate of John Jaron, Petitioner-Appellee, *v.* EDWARD JARON *et al.*, Respondents-Appellants.)

First District (1st Division)    No. 80-2229

Opinion filed July 27, 1981.

Robert J. Walinski, of Groble & Groble, Ltd., of Chicago, for appellants.

Stephen G. Seliger and David A. Johnson, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In early 1974, John Jaron was admitted to a Chicago hospital for cancer treatment. While Jaron was in the hospital, he was visited by his

brother and sister-in-law, Edward and Ruth Jaron (respondents). Respondents, husband and wife, were Indiana residents.

On February 12, 1974, respondents withdrew funds in excess of $35,000 from Jaron's accounts at Home Federal Savings & Loan and Uptown Federal Savings & Loan Association, both of which are located in Chicago. On that same day, respondents placed the amount withdrawn into a joint account in the names of John, Edward and Ruth Jaron.

Jaron died on March 3, 1974. Two months after his death, respondents withdrew all funds from the joint account and placed them in an Indiana bank.

Eugenia Huber was appointed administratrix of the Jaron estate. As administratrix, she filed a petition for citation to appear and recover assets. The petition requested that the court below issue a citation directing respondents to appear and present evidence concerning the transfer of funds from Jaron's accounts into the joint account. The citation was issued and respondents were served in Indiana. When respondents failed to appear as ordered, a rule to show cause for contempt was entered and served on respondents.

Respondents filed a special and limited appearance, a motion to quash service of process, and an affidavit in support of the motion. The trial court found that it did have jurisdiction over respondents under section 17 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 17.) Further, the court held respondents in contempt for failure to comply with the citation and entered a fine in the amount of $5,000. Respondents now appeal.

We affirm.

■■■ The issue raised in this appeal is whether the trial court erred in finding that respondents were subject to the jurisdiction of Illinois courts. It has long been held that a nonresident defendant may be amenable to suit in a jurisdiction if he has certain minimum contacts with that State such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 2d 95, 102, 66 S. Ct. 154, 158.) Section 17 of the Civil Practice Act, commonly referred to as the Illinois long arm statute (Ill. Rev. Stat. 1977, ch. 110, par. 17), was framed with the intent to assert jurisdiction over nonresident respondents to the extent permitted by the due process clause. (*Nelson v. Miller* (1957), 11 Ill. 2d 378, 389, 143 N.E.2d 673.) The statute provides, in pertinent part:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this

State as to any cause of action arising from the doing of any such acts:

(a) The transaction of any business within this State;

(b) The commission of a tortious act within this State."

Ill. Rev. Stat. 1977, ch. 110, pars. 17(1)(a), (b).

Respondents travelled to Chicago from Indiana. While in Chicago, they withdrew $35,000 from Jaron's accounts at two Chicago savings and loan associations. Shortly thereafter, respondents transferred the money into a joint account under the names of Edward, Ruth and John Jaron. Based on these facts, we believe that respondents did have sufficient contacts to come within either section 17(1)(a) or 17(1)(b) of the Illinois long arm statute and to comport with the principles of due process.

■■ Additionally, we note that respondent Edward Jaron participated in and received benefits from the probate of his brother's estate. Having taken advantage of the benefits emanating to him from the probate of Jaron's estate in Illinois courts, he cannot now object to the jurisdiction of the Illinois courts over him.

For the foregoing reasons, the order of the circuit court of Cook County denying respondents' motion to vacate and quash service of summons, and the order holding respondents in contempt of court, are affirmed.

Orders affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.